# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Mariano Madrid,<br><br>    Petitioner<br><br>v.<br><br>Jerry Howell, et al.,<br><br>    Respondents | Case No.: 2:19-cv-01659-APG-NJK<br><br>**ORDER** |

This is a habeas corpus case under 28 U.S.C. § 2254. In accordance with my October 1, 2019 order (ECF No. 3), petitioner Mariano Madrid paid the filing fee. Thus, the habeas petition is before me for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The petition indicates that Madrid's judgment of conviction was entered on October 8, 2007, and that his direct appeal of that conviction was decided May 1, 2009. ECF No. 1-1, p. 1. The petition also indicates that Madrid filed his first state post-conviction petition on June 10, 2010, and that proceeding concluded with the denial of his appeal on November 13, 2014. *Id*.

Madrid brought a prior federal habeas proceeding with respect to the same conviction and sentence in January 2015. *See Madrid v. Neven*, 2:15-cv-00118-JAD-PAL. That proceeding was dismissed when Madrid, having been denied stay and abeyance, elected to suffer dismissal and return to state court rather than abandon his unexhausted claims. *Id*., ECF Nos. 31-33.

In January 2017, Madrid filed a petition for writ of habeas corpus in the state district court. ECF No. 1-3, p. 3. On August 13, 2019, the Nevada Court of Appeals affirmed the lower court's decision to dismiss the state petition as untimely filed. *Id.*, p. 23-26. Madrid initiated this proceeding on September 16, 2019. ECF No. 1-1, p. 1.

I *sua sponte* raise the question whether the petition is time-barred for failure to file it within the one-year limitation period in 28 U.S.C. § 2244(d)(1). *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

The federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. 28 U.S.C. § 2244(d)(2). However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant to a properly filed application has concluded, the statutory time period resumes running. The one-year statutory period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Based on the information currently before me, the statutory period for Madrid ran from July 30, 2009 (90 days from the denial of his direct appeal)[1] until June 10, 2010 (the date Madrid filed his first state post-conviction petition). The period resumed running on December 10, 2014, when the Nevada Supreme Court issued a remittitur concluding the first state post-

---

[1] *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.") (citing *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999)).

2

conviction proceeding. While Madrid's first federal petition in January 2015 may have been timely filed, it appears that the federal limitation period expired prior to Madrid initiating this proceeding because the statutory period was not tolled during the prior federal proceeding (*Duncan v. Walker*) or the untimely state proceeding (*Pace v. DiGuglielmo*). Thus, Madrid must show cause in writing why the petition should not be dismissed with prejudice as time barred.

Under certain circumstances, the one-year limitation period may begin running on a date later than the date on which the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B-D). Also, in addition to statutory tolling under § 2244(d)(2), the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Barring a preliminary demonstration by Madrid that his petition may be timely under the foregoing principles, I will dismiss the petition with prejudice. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims.").

3

Madrid has also filed a motion for appointment of counsel. I have discretion to appoint counsel when if the "interests of justice" require representation. 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues Madrid wishes to bring, and the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Madrid's motion for the appointment of counsel will be denied.

I THEREFORE ORDER the Clerk to file the habeas petition and motion for appointment of counsel currently docketed as attachments at ECF No. 1. The Clerk shall also add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for the respondents, and electronically serve a copy of the petition and this order upon the respondents.

I FURTHER ORDER that, within 30 days of entry of this order, Madrid shall show cause in writing why the petition should not be dismissed with prejudice as time-barred. If Madrid does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If Madrid responds but fails to show -- with specific, detailed and competent evidence -- that the petition is timely, the action will be dismissed with prejudice.

I FURTHER ORDER that all assertions of fact made by Madrid in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. I will not consider any assertions of fact that are not specific as to time and place, that are not based upon a declaration under penalty of perjury based upon personal knowledge, and that are not supported by competent evidence filed by Madrid in the federal record. Madrid must attach copies of all material upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

I FURTHER ORDER the respondents' counsel to enter a notice of appearance within 20 days of the entry of this order, but counsel need take no further action in the case unless and until the court so orders.

I FURTHER ORDER that Madrid's motion for application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (ECF No. 1-6) are DENIED.

I FURTHER ORDER that Madrid's motion for verification of filing fee payment (ECF No. 5) is GRANTED.

Dated: October 22, 2019

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE