# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mariano Madrid,

    Petitioner

v.

Jerry Howell, et al.,

    Respondents

Case No.: 2:19-cv-01659-APG-NJK

**ORDER**

This is a habeas corpus case under 28 U.S.C. § 2254. On October 22, 2019, I ordered petitioner Mariano Madrid to show cause why his petition should not be dismissed as time-barred. ECF No. 8. Madrid has responded to that order. ECF No. 12. I find there is sufficient cause to not dismiss Madrid's petition as time-barred at this point.

As recounted in the order to show cause, Madrid's judgment of conviction was entered on October 8, 2007, and his direct appeal of that conviction was decided May 1, 2009. ECF No. 8 at 1. Madrid filed his first state post-conviction petition on June 10, 2010, and that proceeding concluded with the denial of his appeal on November 13, 2014. *Id*.

Madrid brought a prior federal habeas proceeding with respect to the same conviction and sentence in January 2015. *See Madrid v. Neven*, 2:15-cv-00118-JAD-PAL. That proceeding was dismissed when Madrid, having been denied stay and abeyance, elected to suffer dismissal and return to state court rather than abandon his unexhausted claims. *Id*., ECF Nos. 31-33.

In January 2017, Madrid filed a petition for writ of habeas corpus in the state district court. ECF No. 1-3 at 3. On August 13, 2019, the Nevada Court of Appeals affirmed the lower court's decision to dismiss the state petition as untimely filed. *Id.* at 23-26. Madrid initiated this proceeding on September 16, 2019. ECF No. 1-1 at 1. In responding to the order to show cause, Madrid does not dispute the accuracy of any of this history.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running. The one-year statutory period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Madrid's response to the order to show cause consists of a lengthy description of his 2017 state court proceeding. ECF No. 12 at 3-9. According to Madrid, that proceeding was plagued by delays beyond his control which included scheduling errors by the state court, confusion related to appointment of counsel, appointed counsel's failure to communicate with Madrid, and delay in having counsel removed from his case. *Id*. Be that as it may, the history of

Madrid's state proceeding has no bearing on the timeliness of his current federal petition because his federal statutory period had already elapsed long before the state proceeding was even initiated.

The statutory period for Madrid ran from July 30, 2009 (90 days from the denial of his direct appeal)[1] until June 10, 2010 (the date Madrid filed his first state post-conviction petition), a total of 316 days. The period resumed running on December 10, 2014, when the Nevada Supreme Court issued a remittitur concluding that proceeding. It stopped 27 days later on January 6, 2015, when Madrid mailed his prior federal petition to this court. As explained in the order to show cause, that filing did not toll the statutory period. ECF No. 8 at 3 (citing *Duncan v. Walker*). Thus, the statutory period expired on January 28, 2015.

Consequently, any federal petition Madrid filed after voluntarily dismissing his prior federal habeas proceeding would be time-barred absent a showing of equitable tolling. Reviewing the orders in Madrid's prior federal proceeding, it does not appear that the court warned or notified Madrid of this outcome prior to requiring him to choose between abandoning his unexhausted claims and suffering dismissal in order to return to state court. *See* 2:15-cv-00118-JAD-PAL; ECF Nos. 20, 24, and 30. The Supreme Court has held, however, that a district court does not err by failing to provide such a warning in circumstances similar to those present here. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004). The Court stated that "[r]equiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decision-makers," and would "force upon district judges the potentially burdensome,

---

[1] *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.") (citing *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999)).

time-consuming, and fact-intensive task of making a case-specific investigation" of the applicable AEDPA limitations period. *Id*. at 231-32.

The question then becomes whether Madrid is entitled to equitable tolling because he "was affirmatively misled by the district court's instructions." *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005). In both *Brambles* and *Ford* on remand, the Ninth Circuit concluded that the petitioner was not affirmatively misled notwithstanding the fact that the limitations period for a federal filing had already expired when given the option to dismiss his federal case "without prejudice." *Id*. at 1070; *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009).[2] Viewed in general terms, these two cases weigh in favor of concluding that Madrid was not affirmatively misled.

However, a closer look at the procedural history and wording of the district court's orders in Madrid's prior federal case provides grounds for a different conclusion. Having found his 2015 petition to be partially unexhausted, the court initially gave Madrid his options as follows:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

ECF No. 20 at 5-6.

---

[2] Though not explicitly discussed as a factor in the Ninth Circuit's analysis, the district court's instructions in *Brambles* did include, in boldface, the following warning: "Petitioner is cautioned that recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed." *Brambles*, 412 F.3d at 1069.

4

1 | Madrid chose the third option: he filed a motion for the court to hold his federal case in
2 | abeyance while he returned to state court. ECF No. 22. The court denied the motion and ordered
3 | Madrid to now choose between the remaining two options. ECF No. 24. In doing so, the court
4 | used the exact same language as the previous order to describe the options. *Id*. at 3.

Madrid chose neither option. Instead, he filed another motion for the court to hold his federal case in abeyance, this time attempting to satisfy the standards in *Rhines v. Weber*, 544 U.S. 269 (2005) that he had failed to do with his prior motion. ECF No. 28. The court again denied his motion, but in presenting Madrid with his remaining two options this time, added a sentence elaborating on the second:

> Madrid has until **December 8, 2017**, to advise the court in a sworn declaration whether he wants to (1) voluntarily abandon his unexhausted claims and proceed on the exhausted claims or (2) return to state court to exhaust his unexhausted claims. Choosing option 2 **will result in a denial of his petition without prejudice** to his ability to file a new petition in a separate case. If Madrid does not comply or otherwise respond to this order, **this action will be dismissed without prejudice and without further prior notice**.

ECF No. 30 at 2 (emphasis in original).

Less than a week after receiving that order, Madrid notified the court he wanted the second option. ECF No. 31. The court dismissed his case and mentioned for the first time that any future federal petition would be subject to "any statutes of limitations." ECF No. 32.

The circumstances here are akin to those in *Sossa v. Diaz*, where the Ninth Circuit concluded that the petitioner was entitled to equitable tolling because he relied on "an inaccuracy in the court's instructions." 729 F.3d 1225, 1233 (9th Cir. 2013). Construed reasonably, the instruction that "choosing option 2 will result in a denial of his petition without prejudice to his ability to file a new petition in a separate case" affirmatively led Madrid to believe, inaccurately, that choosing the option would not hinder his return federal court. Madrid's apparent reliance on

5

misleading information provided by the court arguably entitles him to equitable tolling. *See Sossa*, 729 F.3d at 1235.

Thus, while reserving judgment as to the existence and extent of equitable tolling available to Madrid,[3] I conclude at this juncture that Madrid's petition should not be dismissed as time-barred. Therefore, the respondents will be directed to respond to the petition.

I THEREFORE ORDER the respondents to answer or otherwise respond to the petition by **April 3, 2020.**

I FURTHER ORDER that if the respondents file an answer, the petitioner shall have **60 days** from the date on which the answer is served on him to file and serve a reply. If the respondents file a motion to dismiss, the petitioner shall have **60 days** from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and the respondents shall, thereafter, have **30 days** to file a reply in support of the motion.

I FURTHER ORDER that any additional state court record exhibits filed herein by either the petitioner or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits for this case shall be forwarded to the staff attorneys in **Reno**.

Dated: February 3, 2020.

_____
U.S. District Judge Andrew P. Gordon

---

[3] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (outlining requirements for equitable tolling).

6