UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mariano Madrid,<br><br>      Petitioner<br><br>v.<br><br>Jerry Howell, et al.,<br><br>      Respondents | Case No.: 2:19-cv-01659-APG-NJK<br><br>**ORDER**<br><br>[ECF Nos. 19, 37] |

    This is a federal habeas proceeding under 28 U.S.C. § 2254 in which Mariano Madrid challenges his Nevada state conviction for murder with use of a deadly weapon with the intent to promote, further, or assist a criminal gang. The respondents moved to dismiss Madrid's petition, arguing that it is time-barred and successive. They further argue the petition contains claims that are unexhausted, procedurally defaulted, and fail to state a cognizable claim for relief. I will grant the motion in part.

I. BACKGROUND

    Madrid's judgment of conviction was entered on August 9, 2007. ECF No. 28-7. His direct appeal of that conviction was decided May 1, 2009. ECF No. 28-26. Madrid filed his first state post-conviction petition on May 26, 2010, and that proceeding concluded with the denial of his appeal on December 10, 2014. ECF Nos. 29-2, 31-11.

    Madrid filed a prior federal habeas proceeding with respect to the same conviction and sentence in January 2015. *See Madrid v. Neven*, 2:15-cv-00118-JAD-PAL. In January 2017, while his federal proceedings were ongoing, Madrid filed a petition for writ of habeas corpus in the state district court, then filed another in October 2017. ECF Nos. 32-11, 33-6, 34. Madrid's

first federal proceeding was dismissed in November 2017 when Madrid, having been denied a stay and abeyance, elected to pursue exhaustion in state court rather than abandon his unexhausted claims.

The Nevada Court of Appeals subsequently affirmed the lower court's dismissal of Madrid's state petitions as untimely and successive. ECF Nos. 35-10, 36-7. Those state court proceedings concluded on August 13, 2019. *Id*. Madrid initiated this proceeding on September 16, 2019. ECF No. 1-1 at 1.

Noting that Madrid's petition was filed beyond the one-year limitation period applicable to federal habeas petitions, I directed Madrid to show cause why his petition should not be dismissed as time-barred. ECF No. 8. He responded to that order. ECF No. 12. Due to Madrid's apparent reliance on misleading information provided by this court in his previous federal habeas proceeding, I found sufficient cause to not dismiss Madrid's petition as time-barred at that point, but reserved judgment as to the existence and extent of equitable tolling available to Madrid. ECF No. 13. The respondents now move to dismiss. ECF No. 19.

## II. DISCUSSION

1. *Timeliness*.

The respondents argue that Madrid is not entitled to equitable tolling because the court's orders in his prior federal habeas proceeding were not affirmatively misleading and, even if they were, Madrid did not diligently pursue his rights.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under § 2244(d)(2), the federal limitation period is statutorily tolled during the

pendency of a properly filed application for state post-conviction relief or for other state collateral review.  But if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of § 244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted).  Also, once a state post-conviction proceeding under a properly filed application has concluded, the statutory time period resumes running.  The one-year statutory period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The statutory period for Madrid ran from July 30, 2009 (90 days from the denial of his direct appeal)[1] until May 26, 2010 (the date he filed his first state post-conviction petition), a total of 300 days.  The period resumed running on December 10, 2014 when the Nevada Supreme Court issued a remittitur concluding that proceeding.  As noted, Madrid filed his previous federal habeas petition in January 2015.  That petition was timely filed, but it did not toll the statutory period. *Duncan v. Walker*, 533 U.S. at 172.  Thus, the statutory period expired on February 13, 2015.  Accordingly, Madrid's petition in this case is time-barred unless he can demonstrate he is entitled to equitable tolling.

A habeas petitioner is entitled to equitable tolling of the AEDPA limitations period if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

---

[1] *See Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.") (citing *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999)).

3

560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).  In *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), the Ninth Circuit concluded that the petitioner was entitled to equitable tolling because he relied on "an inaccuracy in the court's instructions." 729 F.3d at 1233.  In my order finding cause to proceed notwithstanding Madrid's late filing, I recounted how the court in his prior federal proceeding, after twice denying Madrid's request for stay and abeyance, advised him that returning to state court would result in a denial of his petition without prejudice to his ability to file a new petition in a separate case. ECF No. 13 at 4-5.  Only after dismissing the case did the court advise Madrid that a future federal petition would be subject to the statute of limitations. *Id*.

The respondents argue that the court's instructions were materially indistinguishable from the instructions at issue in *Pliler v. Ford*, 542 U.S. 225 (2004), and *Brambles v. Duncan*, 412 F.3d 1066 (9th Cir. 2005).  In both *Brambles* and *Ford* on remand, the Ninth Circuit concluded that the petitioner was not entitled to equitable tolling because he was not "affirmatively misled" even though the limitations period for a federal filing had already expired when given the option to dismiss his federal case "without prejudice." *Id*. at 1070; *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009).[2]

But as explained in my prior order, the procedural history and wording of the district court's orders in Madrid's prior federal case distinguishes this case from *Brambles* and *Ford*. The court issued two orders advising Madrid that, if he chose to return to state court to exhaust his unexhausted claims, his federal habeas petition will be "denied without prejudice." *Madrid v.*

---

[2] Though not explicitly discussed as a factor in the Ninth Circuit's analysis, the district court's instructions in *Brambles* included, in boldface, the following warning: "Petitioner is cautioned that recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed." *Brambles*, 412 F.3d at 1069.

*Neven*, 2:15-cv-00118-JAD-PAL, ECF Nos. 20 and 24.  After twice denying Madrid's request for a stay, the court amended the language in its third order to state that choosing to return to state court to exhaust "**will result in a denial of his petition without prejudice** to his ability to file a new petition in a separate case." *Id*., ECF No. 30 at 2 (emphasis in original).  In the context in which it was made, this statement is reasonably construed as reassurance that Madrid would be permitted to return to federal court unobstructed if he chose to pursue exhaustion in state court, which he did less than a week after the order was issued. *Id*., ECF No. 31.  Thus, I find that Madrid was misled in the same manner as the petitioner in *Sossa*.

Even with that finding, however, Madrid still must demonstrate "that he has been pursuing his rights diligently" to be entitled to equitable tolling. *Holland*, 560 U.S. at 649.  The respondents argue that Madrid was not diligent because he delayed filing his first state habeas petition and failed to file a protective federal petition while his state proceedings were pending.  I disagree.

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id*. at 653 (citations omitted).  Madrid's first state habeas petition was timely filed in the state district court.  He also timely filed his first federal petition approximately one month after his initial state habeas proceedings concluded.  When the State filed a motion to dismiss arguing that his federal petition contained unexhausted claims, Madrid promptly filed a motion for stay and abeyance. *Madrid*, 2:15-cv-00118-JAD-PAL; ECF Nos. 10 and 15.  Once this court decided the State's motion to dismiss, Madrid continued to seek a stay of his federal proceedings while also initiating state proceedings to exhaust his unexhausted claims. ECF Nos. 32-11, 33-6, 34.  As noted above, Madrid initiated this case approximately one month after those state proceedings concluded.  I am satisfied that Madrid has pursued his rights

diligently. Thus, Madrid is entitled to equitable tolling from date he filed his first federal petition until the date he initiated this case. Accordingly, I conclude that his petition is not time-barred.

2. *Successiveness.*

The respondents argue that the addition of numerous claims in Madrid's current petition that were not included his 2015 federal habeas petition makes his current petition subject to dismissal under as a successive petition under 28 U.S.C. § 2244(b)(2). This argument lacks merit. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a habeas petition filed after a previous petition has been dismissed on exhaustion grounds is not a "second or successive" petition).

3. *Exhaustion*.

The respondents argue that Ground 1(J) is unexhausted.[3] A federal habeas petitioner must first exhaust state-court remedies on each claim before presenting them to the federal court. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claims to the state's highest court. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims. *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

---

[3] In their initial motion, the respondents argued that several other sub-claims in Ground 1 are unexhausted. But in their reply they modify their argument to assert that most of those claims are instead procedurally defaulted. They also concede that Ground 1(H) is neither unexhausted nor procedurally defaulted.

6

In Ground 1(J), Madrid alleges he was deprived of effective assistance of counsel because trial counsel failed to request a jury instruction on intoxication. ECF No. 9-1 at 52-56.[4] The respondents note that Madrid presented a factually similar claim to the Nevada courts but asserted trial court error rather than ineffective assistance of counsel. ECF No. 32-1 at 61-66. Madrid does not contest this point in his opposition.  The claim has not been fairly presented to the Nevada courts. *See Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005) (ineffective assistance of counsel claim and the underlying alleged substantive violation are distinct claims for the purposes of exhaustion).

At this point, Ground 1(J), like the claims discussed below, is procedurally barred in the state court as untimely under Nev. Rev. Stat. § 34.726, and successive under Nev. Rev. Stat. § 34.810.  When no state remedies are available, even when the remedy is no longer available based on the petitioner's failure to seek state court review in a timely manner, the "technical exhaustion" doctrine may deem the ground exhausted. *See Woodford v. Ngo*, 548 U.S. 81 92-93 (2006); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (finding "a habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer available to him").  Accordingly, Ground 1(J) is technically exhausted, but procedurally defaulted.

        4. *Procedural Default*.

The respondents argue that Grounds 1(A-F), 2, 3, 4, and 5 are procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and

---

[4] As the respondents point out, this claim is numbered as Ground 1(I) in Madrid's petition, but his preceding claim is also numbered Ground1(I).  Thus, I re-number the claim as Ground 1(J).

7

adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). A state procedural rule is "adequate" if it is "clear, consistently applied, and well established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted).

Madrid presented Grounds 1(A-F), 2, 3, 4, and 5 in his October 2017 state habeas petition. ECF Nos. 33-6, 34, 35-1. In deciding the appeal in that proceeding, the Nevada Court of Appeals concluded as follows:

> Madrid filed his petition on October 9, 2017, more than eight years after issuance of the remittitur on appeal on May 26, 2009. Thus, Madrid's petition was untimely filed. *See* NRS 34.726(1). Moreover, Madrid's petition was successive because he previously filed two postconviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2).

ECF No. 36-7 at 2-3 (citations and footnotes omitted).

Both Nev. Rev. Stat. § 34.726 and Nev. Rev. Stat. § 34.810 have been recognized as adequate procedural bars to federal review. *See Williams v. Filson*, 908 F.3d 546, 5577-80 (9th Cir. 2018) (§ 34.726); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (§ 34.810). Madrid has not alleged specific facts challenging the adequacy or independence of either rule as applied to him. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."). Thus, the claims at issue are barred from federal court consideration unless Madrid can demonstrate cause and prejudice or a fundamental miscarriage of justice.

In his opposition to the motion to dismiss, Madrid makes a general assertion that he can establish cause and prejudice to overcome his defaults, but he fails to make any specific allegations in support of the assertion. ECF No. 39 at 14-15. In his petition, Madrid asserts ineffective assistance of trial counsel and appellate counsel as the cause for his defaults. ECF No. 9-1 at 11-15. He fails to explain, however, how trial counsel was responsible for his failure to assert his claims in compliance with Nevada's procedural rules.

Failure of his appellate counsel to present claims in his direct appeal could potentially serve as cause for some of Madrid's defaults, but only if appellate counsel's performance amounts to constitutionally ineffective assistance of counsel. *Coleman*, 501 U.S. at 754, *Carrier*, 477 U.S. at 488 . In addition, an ineffective assistance of appellate counsel claim asserted as cause must itself be presented to the state court in the manner state law requires unless the petitioner can establish cause and prejudice with respect to that claim as well. *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000). Madrid has failed to do so. ECF No. 36-7 at 3.

Madrid's response to the motion to dismiss also asserts that his habeas petition establishes his actual innocence, which would excuse his defaults under the fundamental miscarriage of justice exception. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995). His claim of actual innocence is based on the assertion that he was not the initial aggressor in the confrontation that resulted in his victim's death. ECF No. 9-3 at 35-38. It is premised, however, entirely on evidence that was presented to the jury at his trial. That does not suffice. *Id*. at 324 (actual innocence claim requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial).

Finally, as discussed in the next section, Madrid may be able to obtain federal court review of his ineffective assistance of trial counsel claims—i.e., Grounds 1(A-F) and 1(J)—if he can show that he received ineffective assistance of counsel in his initial state habeas proceeding. *See Martinez v. Ryan*, 566 U.S. 1 ((2012). The holding in *Martinez* does not, however, extend beyond claims of ineffective assistance of trial counsel. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("On its face, *Martinez* provides no support for extending its narrow exception to new categories of procedurally defaulted claims."). Otherwise, Madrid has failed to show that his procedural defaults should be excused. Thus, Grounds 2, 3, 4, and 5 will be dismissed.

      5. *Martinez v. Ryan*.

*Martinez v. Ryan* holds that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. The Supreme Court outlined the necessary circumstances as:

> where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an

"ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 14, 18).

Madrid arguably meets two of the elements of *Martinez*. First, his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel. Second, Nevada law requires that a claim of ineffective assistance of trial counsel be raised in a post-conviction habeas corpus petition. *See Gibbons v. State*, 634 P.2d 1214 (Nev. 1981).

Regarding the other two elements of *Martinez*, whether the claims of ineffective assistance of trial counsel are "substantial" and whether post-conviction counsel was "ineffective," the respondents in their reply ask me to defer the *Martinez* analysis until after they file their answer because that analysis is intertwined with the merits of the claims. ECF No. 40 at 7-8. I agree. Deferring resolution of *Martinez* issues until after the filing of an answer and reply contingently addressing the claims also on the merits gives me the benefit of a full factual and legal presentation as to all relevant claims. I will follow that procedure.

### 6. *Cognizability*.

Because Grounds 3(A-D), 3(F), 5(A) and 5(B) are dismissed as procedurally defaulted, I decline to assess whether the claims should be dismissed for failure to state a cognizable claim for federal habeas relief.

### 7. *Request for Appointment of Counsel*.

On August 28, 2020, I received a letter from Madrid in which he included a request that I appoint counsel to represent him. ECF No. 37. He previously filed a motion for appointment of counsel in this case, which I denied. ECF No. 8 at 4-5. Because circumstances have not changed and Madrid has demonstrated the ability to represent himself, I will deny the request.

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 19) is GRANTED in part.** Grounds 2, 3, 4, and 5 are dismissed as procedurally defaulted. I defer consideration of whether Madrid can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 1(A-F) and 1(J) until after the filing of an answer and reply in this action.

I FURTHER ORDER that, **by May 31, 2021,** the respondents must file an answer addressing the remaining claims in the petition on the merits and also addressing whether Grounds 1(A-F) and 1(J) are barred by procedural default under federal law. Madrid shall have **45 days** from service of the answer to file a reply.

I FURTHER ORDER that Madrid's request for appointment of counsel **(ECF No. 37) is DENIED.**

Dated: March 31, 2021

_____
U.S. District Judge Andrew P. Gordon